INHABITANTS OF MT. DESERT *versus* INHABITANTS OF CRANBERRY ISLES.

After writs of venire had been issued by the clerk for the county of Hancock, the town of Greenfield was set off from that county and annexed to Penobscot. A motion to set aside a verdict, for the reason that one of the jurors was from that town, was overruled; for notwithstanding the objection would have been sustained, if the juror had been challenged, yet after verdict, the party will be presumed to have had knowledge of the objection, and to have waived it.

EXCEPTIONS by the defendants to the ruling of CUTTING, J., upon their motion to set aside the verdict rendered for the plaintiffs at this term, "*because* Artemas Latham, &c., &c., was one of the panel of the second jury which tried said case and rendered said verdict, and that said Latham is, and

was at said time of commencement of said term and said trial and of rendering said verdict, and has been for a long time an inhabitant and resident of the town of Greenfield, which said town of Greenfield is not and was not at the time of the commencement of this term, of the 27th of April, 1858, or since, within this county of Hancock, but in the county of Penobscot, and said juror was not at either or any of said times a resident in, or an inhabitant of said county of Hancock, or of any town in said county, and not a legal or elegible juror to sit in the trial of said case and in rendering said verdict; and that neither the agent of said town of Cranberry Isles, or their counsel, or any inhabitant thereof had any knowledge or belief of said facts, but that they first learned them accidentally after said verdict was rendered and after the adjournment of this term to the 15th of June."

By an Act of the Legislature, approved March 15, 1858, the town of Greenfield was set off from the county of Hancock and annexed to the county of Penobscot. The Act took effect from its approval.

The writ of *venire facias* was issued before the passage of said Act, but the service of it was after the Act took effect.

*Knowles,* for defendants, contended that the juror was not competent to act as a juror of Hancock county, being at the time an inhabitant of another county. 4 Bl. Com. 352; R. S., c. 106, § § 7, 8 and 10; c. 82, § § 63, 67, 68 and 73.

If the juror was not a legal juror, the verdict was not a legal verdict.

We are not precluded from making the objection by the provisions of § 73 of c. 82 of R. S. There must be *actual* knowledge so that the objection may be made before the trial. The Act annexing the town of Greenfield to the county of Penobscot was not a *public* law, so that we should be held to have knowledge. Where a statute requires that a party should "know" a thing, it means real, actual, personal knowledge—not presumed, inferential or statute knowledge, which may in some cases be urged, even where no actual knowl-

edge exists. But where a right, before existing, is to be taken away from a party on account of his knowledge of the fact, the law requires not *statute* but actual knowledge.

The defendants had a right to presume and act upon the presumption that the jurors were legally drawn.

*Wiswell*, for plaintiffs.

Courts take judicial notice of the local divisions of the territory over which they exercise jurisdiction; as into States, counties, towns and local parishes. 1 Greenl. Ev., § 6.

The statute requires that alphabetical lists of the jurymen shall be prepared by the clerk; these lists are public and open to the inspection of all.

If, therefore, the town of Greenfield, at the time of the trial, was not within the county of Hancock, and that fact was unknown to the defendants, their agent, or attorney, such want of knowledge cannot avail them. They should have known it, and the law presumes that they did know it.

No objection was made to the juror on account of his being a resident of another county, and this must be regarded as a waiver of all objections on that account. R. S. c. 82, § 73.

Although it was a good ground of challenge to the juror, yet after verdict the objection was made too late. *Jeffries* v. *Randall*, 14 Mass., 205; *Walker* v. *Green*, 3 Greenl., 215; *State* v. *Fellows*, 5 Greenl., 333; *McLellan* v. *Crofton*, 6 Greenl. 304.

The opinion of the Court was drawn up by

TENNEY, C. J.—After the verdict for the plaintiffs was returned, the defendants filed a motion to set it aside, on the ground that a juror, who sat in the trial, was an inhabitant of the town of Greenfield, which had, prior to the trial, been taken from the county of Hancock and annexed to the county of Penobscot, the agent of defendants, and their counsel, being ignorant of the fact, that the juror resided out of the county of Hancock.

The cause for the motion is technical in its character. The juror was personally competent after the change of the county lines, as before. But if he had been challenged when called to sit, the objection must have prevailed. The case falls within the principle of the authorities cited by the plaintiffs. The case of *Walker* v. *Green*, 3 Greenl., 215, is in point. There a juror was returned as a talisman, by the sheriff, who was a deputy of the latter. A motion after verdict, to set it aside for this cause, was overruled. The Court say, "the fact on which the motion is founded appears on record; and, of course, the plaintiff must be presumed to have waived it." The venires were open to the inspection of the parties, before the jury was empanelled, and they were constructively notified of the objection to the juror in question, and they must be presumed to have waived it.

*Exceptions overruled.*

APPLETON, CUTTING, MAY, and DAVIS, J. J., concurred.